UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| TANISHA MORROW,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS INC,<br><br>    Defendant. | Case No. 24-cv-12775<br><br>Honorable Robert J. White |

**ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT (ECF No. 34) AND DENYING PLAINTIFF TANISHA MORROW'S MOTION FOR SANCTIONS (ECF No. 39)**

Plaintiff Tanisha Morrow sued Defendant Experian Information Solutions Inc. (Experian) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA). (ECF No. 31, PageID.268).  Morrow proceeds *pro se*.  In her amended complaint, Morrow alleged that Experian prepared and disseminated reports concerning Morrow that contained incorrect and materially misleading information. (*Id.* at PageID.268, 303–07).  When Morrow disputed the information in the reports, Experian did not adequately reinvestigate the basis for that information and did not remove it from the reports. (*Id.* at PageID.290, 307–12).  Morrow claimed that

Experian's inaccurate report harmed her credit and creditworthiness and caused her emotional distress, such that she is entitled to damages. (*Id.* at PageID.306, 312).

Presently before the Court is Experian's motion for summary judgment. (ECF No. 34).  The motion is fully briefed. (*Id.*; ECF No. 36; ECF No. 37).  For the reasons that follow, the Court will grant Experian's motion.[1]

## I.      Background

Experian is a "consumer reporting agency" (CRA) as defined under the FCRA. (ECF No. 34-1, PageID.515).  Morrow is a "consumer" as defined by the FCRA.[2] (*Id.* at PageID.516).  As a CRA, Experian assembles, evaluates, and maintains consumers' public record information and credit account information. 15 U.S.C. § 1681a(p)(1)–(2).  Experian uses that information to furnish reports to third parties that reflect a consumer's "credit worthiness, credit standing, or credit capacity." § 1681a(p).  Put simply, Experian creates credit reports for consumers.

To create credit reports, Experian regularly receives information from various sources throughout the country. (ECF No. 34-1, PageID.516).  Those sources, which the Court will refer to as "Data Furnishers," submit information monthly. (*Id.*). Experian has an internal system through which it monitors the information to ensure

---

[1] The Court does not believe oral argument is necessary to resolve the issues in dispute and will decide the motion absent a hearing. *See Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011) ("Rule 56 does not require an oral hearing on a motion for summary judgment.") (citation omitted).
[2] The statute defines "consumer" as "an individual." § 1681a(c).

2

it does not violate the FCRA or applicable industry standards. (*Id.*).  Experian also thoroughly vets Data Furnishers to ensure that only accurate information is reported. (*Id.* at PageID.516–17).  Experian also stores hard inquiries from potential credit furnishers as a matter of record in the normal course of business, as it is obligated to report any hard credit pulls. (*Id.* at PageID.521).  In the event a consumer disputes information contained in his or her credit report, Experian has an established procedure to reinvestigate the information. (*Id.* at PageID.517).  Experian's reinvestigation procedure aligns with the requirements of the FCRA. (*Id.*).

On September 3, 2024, Morrow mailed a letter to Experian disputing the completeness and accuracy of information contained in her Experian consumer credit report. (*Id.* at PageID.523).  Morrow identified six accounts in her credit report that reflected either inaccurate or materially misleading information. (*Id.* at PageID.524).  The Data Furnishers for the first five-listed accounts allegedly reported that Morrow made late payments on her bills. (*Id.*).  As for the sixth-listed account, Morrow claimed that she had never done business with that Data Furnisher. (*Id.*).  Morrow asserted that the Data Furnishers had no proof of the information they provided to Experian and that they were ultimately unreliable. (*Id.*).

Experian reinvestigated the information by sending electronically an automated consumer dispute verification form (ACDV) to the Data Furnishers of the six disputed accounts. (*Id.* at PageID.518–19).  All six furnishers verified their

3

reporting information to Experian, namely, the reporting of late payments on Morrow's credit report. (*Id.* at PageID.519).  On October 3, 2024, Experian sent Morrow the results of her dispute. (*Id.* at PageID.567).

Several months later, Experian received another dispute letter from Morrow. (*Id.* at PageID.587).  The letter, dated December 28, 2024, listed five accounts in her credit report that allegedly contained inaccurate, incomplete, and unverifiable information. (*Id.*).  The letter also disputed seven hard inquiries made regarding her credit report. (*Id.*).  Morrow requested that Experian "go beyond the original source of information to determine whether the disputed items are accurate, complete, and verifiable" because Morrow believed the "initial sources of the disputed information are unreliable and cannot be used as the sole basis for verification." (*Id.* at PageID.588).  Again, Experian sent ACDVs to the Data Furnishers for the challenged accounts and hard credit pulls; all Data Furnishers verified the information. (*Id.* at PageID.521).  Experian sent Morrow a report reflecting the verification on February 7, 2025. (*Id.* at Page.ID.607).

The allegations in Morrow's amended complaint arise from Experian's inclusion and reinvestigation of the disputed information in Morrow's report. (ECF No. 31, PageID.287–302).  Morrow brought the following claims against Experian. First, Morrow alleged that Experian violated § 1681e(b) of the FCRA by maintaining the publication of incomplete and unverifiable account data and thereby failing to

ensure maximum possible accuracy of Morrow's credit report. (*Id.* at PageID.303–07).   Second, Experian violated § 1681i of the FCRA by failing to properly reinvestigate the disputed information. (*Id.* at PageID.307–12).   Morrow asserted that Experian acted both willfully and/or negligently such that she was entitled to damages under §§ 1681n and 1681o. (*Id.* at PageID.312).   Experian moved for summary judgment on both claims and argued that Morrow lacked standing in the first instance. (ECF No. 34, PageID.500–10).

## II.   Legal Standard

A party may move for summary judgment on any claim or defense. Fed. R. Civ. P. 56(a).  The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*  In analyzing a summary judgment motion, "'the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.'" *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (quoting *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)).  "'[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact.'" *Sierra Brokerage*, 712 F.3d at 327 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).  A fact is material if it "might affect the outcome of

the suit under the governing law." *Anderson*, 477 U.S. at 248.  Overall, the court's inquiry turns on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## III.   Analysis

Experian argued that Morrow lacks standing for her claims because she did not suffer a legally cognizable injury and her supposed injury is not redressable. (ECF No. 34, PageID.508).  But if Morrow did have standing, she still presented no evidence to dispute the accuracy of the information provided by the Data Furnishers. (*Id.* at PageID.498).  As a result, the Court should grant summary judgment as a matter of law for her claims under §§ 1681e(b) or 1681i. (ECF No. 34, PageID.500– 506).  Likewise, even if the information was not accurate, the facts indisputably show that Experian acted reasonably when it obtained and reinvestigated the information; so, Morrow's claims cannot survive. (*Id.*).

In response, Morrow argued that she has standing. Her injury is concrete and particularized, directly attributable to Experian's report, and recognized as redressable by law. (*Id.* at PageID.639–43).[3]  In addition, a material dispute of fact

---

[3] Experian requested the Court strike Morrow's response for failure to comply with the Local Rules or the Court's Case Management Requirements. (ECF No. 37, PageID.837).  Because Morrow proceeds *pro se*, and because the Court believes the

exists as to whether Experian reported inaccurate information or reasonably reinvestigated the disputes such that summary judgment is inappropriate. (*Id.* at PageID.644–53).

### A.   Morrow Has Standing.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).  To satisfy Article III's "case-or-controversy requirement," the plaintiff must have standing to sue. *Id.*   To establish standing, the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  At the summary judgment stage, the plaintiff must set forth by affidavit or other evidence specific facts to prove standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  For purposes of the summary judgment motion, the Court must take plaintiff's fact as true. *Id.*

Morrow claimed the following facts and law satisfy the standing elements. First, because of Experian's report, Discover Financial Services (Discover) denied Morrow's credit application. (ECF No. 36, PageID.642; ECF No. 36-1, PageID.783–

---

motion should be decided on the merits, it will deny Experian's request. *See Williams v. Warden, Chillicothe Corr. Inst.*, No. 2:23-cv-1042, 2024 WL 406446 (S.D Ohio Feb. 2, 2024) (considering memoranda filed without leave because plaintiff was *pro se*).

84; ECF No. 31-1, PageID.398–99).   Second, Experian's "actions and inactions" caused Morrow significant emotional distress to the point where she sought therapy to deal with her anxiety and frustration. (ECF No. 36, PageID.642–43).   Third, Morrow can recover actual damages for FCRA violations, including "the loss of credit" or "humiliation and mental distress." *Bach v. First Union Nat. Bank*, 149 Fed. App'x 354, 360–61 (6th Cir. 2005).

But Experian argued that Morrow's supposed injury is insufficient to demonstrate standing under either the FCRA or Article III. (ECF No. 34, PageID.507–08).   That is, Discover denied her credit application months after she initiated the litigation, and Morrow presented nothing that suggests Discover denied her application because of the Experian report. (*Id.* at PageID.508).   Without the allegations of the Discover denial, Morrow's only injury is emotional distress. (*Id.* at PageID.510).   And Morrow's one week of therapy and conclusory statements about her mental state are incapable of establishing a concrete and particularized injury. (*Id.* at PageID.511).

The Court finds that Morrow has standing for her claims.   Morrow clearly established an injury in fact that is both concrete and particularized.   Morrow attached the letter from Discover denying her credit application as an exhibit to her response and to her amended complaint. (ECF No. 36-1, PageID.783–84; ECF No. 31-1, PageID.399).   She also attached evidence of her therapy sessions to her

response. (ECF No. 36-1, PageID.786–87).  The Sixth Circuit recognizes both as injuries under the FCRA. *Bach*, 149 Fed. App'x at 360–61.  And, importantly, Morrow does not need to prove the harms to establish standing; rather, Morrow need only offer specific facts to support standing. *See Ariz. State Leg. v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 800 (2015) ("one must not confuse weakness on the merits with absence of Article III standing") (citation omitted) (citation modified); *Grumpy's Bail Bonds, LLC v. Rutherford Cnty., Tenn.*, No. 3:20-cv-00923, 2022 WL 3051004, at \*10 (M.D. Tenn. Aug. 2, 2022) ("[I]n evaluating standing, the Court looks at the link between the injury and the challenged action, not whether the challenge to the defendant's action is substantively meritorious.").  Here, Morrow demonstrated an injury, and the Court does not need to decide at this juncture whether the evidence entitles her to actual damages.  Plus, the fact that Discover denied Morrow's credit application after she filed her original complaint is irrelevant.  The amended complaint is the "legally operative complaint," and the amended complaint contains the allegation. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000).

Next, the Court can trace Morrow's injury to supposed inaccuracies in Experian's report.  That is, although the letter is somewhat illegible, the Court can read that Discover "obtained [Morrow's] credit score from [Experian] and used it in making our credit decision." (ECF No. 36-1, PageID.786–87; ECF No. 31-1,

9

PageID.399).   Likewise, Morrow stated that she sought therapy for the emotional toll the situation with Experian took on her. (ECF No. 36, PageID.643).  Because the Court must accept that fact as true, *see Lujan*, 504 U.S. at 561, and given that Experian did not present evidence to dispel it, the Court finds the emotional harm is traceable to Experian's report.  The Court also finds that Morrow's injuries are redressable. *See Bach*, 149 Fed. App'x at 360–61.  Therefore, the Court finds that Morrow has standing to bring her claims.

### B.      Morrow's § 1681e(b) Claim Fails as a Matter of Law.

Even if Morrow has standing, there is no question of fact that her claim under § 1681e(b) fails as a matter of law.  Whenever a CRA prepares a consumer report, § 1681e(b) requires that it "follow reasonable procedures to assure maximum possible accuracy of the information" concerning the person to whom the report relates.   If the CRA "negligently or willfully violates" § 1681e(b), then "an aggrieved consumer may bring suit." *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020).  To state a claim under § 1681e(b):

> a plaintiff must show (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Id.* (quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)).

The Sixth Circuit held that information is "inaccurate" for purposes of liability if it is either patently incorrect or is misleading in such a way and to such an extent that it is expected to have an adverse effect on the consumer. *Twumasi-Ankrah*, 954 F.3d at 942 (citing *Dalton v. Cap. Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)).   The accuracy of the information is a "threshold question." *Ford v. TransUnion, LLC*, No. 25-13433, 2025 WL 3215727, at *2 (E.D. Mich. Nov. 18, 2025).  "[I]f the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Id.*

Experian argued that Morrow failed to present evidence that would establish the inaccuracy of her accounts. (ECF No. 34, PageID.501).  Morrow responded that there is a genuine dispute of material fact as to whether Experian violated § 1681e(b). (ECF No. 36, PageID.644).  But Morrow offered no evidence to rebut the accuracy of the Data Furnishers' information other than her own attestations. That is, she offered no counter-documentation, such as credit card statements, receipts of her on-time payments from the Data Furnishers at issue, or bank statements showing that she transferred funds to the Data Furnishers on certain dates. *Contra Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 539 (6th Cir. 2024) (offering counter-documentation from a court of child support payments).  Instead, Morrow presented to the Court her (1) her own affidavit; (2) her dispute letters to Experian; (3) her Experian dispute reports; (4) the declarations Experian attached to

11

its own summary judgment motion; (5) the letter from Discover; (6) her therapy correspondence; and (7) proof of a letter mailed to the Court. (ECF No. 36-2, PageID.660–833). But none of this establishes a material dispute of fact as to the accuracy of the information contained in Experian's report. Nor can the Court discern anything about the information contained in Experian's report that is materially misleading.

In addition, the Court can only hold Experian liable if the inaccuracy resulted from a failure "to exercise reasonable care." *Alexander v. Equifax Info. Servs., LLC*, No. 23-cv-02556, 2025 WL 448743, at *4 (W.D. Tenn. Feb. 10, 2025). When a CRA relies on information gathered from outside entities, that reliance is reasonable "so long as the information is not obtained from a source that was known to be unreliable and is not inaccurate on its face or otherwise inconsistent with the information the credit reporting agencies already had on file." *Hammoud v. Equifax Info. Servs., LLC*, 52 F.4th 669, 675 (6th Cir. 2022) (resolving summary judgment appeal) (citation omitted) (citation modified).

Again, Morrow represented that the Data Furnishers at issue are unreliable because she said so. (ECF No. 36, PageID.649–50). But her statement is undermined by the fact that Experian thoroughly credentials Data Furnishers and their data before and after the Data Furnishers receive permission to contribute to Experian's database. (ECF No. 34-1, PageID.516). Experian also has internal processes that

alert Experian if a Data Furnisher's monthly submission exceeds expected thresholds or alters from its trended and usual reporting patterns. (*Id.*). The Court finds that Experian could reasonably rely on Data Furnishers like those at issue here. And because Morrow provided almost no authority to support the Data Furnishers' unreliability, there is no material dispute of fact.

Because Morrow ultimately failed to make sufficient showings on essential elements of her case, Experian is entitled to summary judgment on Morrow's § 1681e(b) claim.

### C. Morrow's § 1681i Claim Also Fails as a Matter of Law.

A plaintiff can also bring a claim under 15 U.S.C. § 1681i(a) if a CRA does not conduct a "reasonable investigation" into whether disputed information is inaccurate. *See also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) ("FCRA provides a private right of action against businesses that use consumer reports but fail to comply."). A showing of inaccuracy "is an essential element of a § 1681i claim." *Berry*, 115 F.4th at 536. As explained above, Morrow has offered no evidence that the reported information is inaccurate. So Morrow's § 1681i(a) claim also cannot survive summary judgment.

Plus, the facts show that Experian conducted a reasonable investigation into the disputed information. A reasonable investigation requires "more than simply

13

including public documents in a consumer report or making only a cursory investigation into the reliability of information that is reported to potential creditors." *Id.* at 539 (citation omitted).   Here, Experian submitted ACDVs to its Data Furnishers to verify the accuracy of the challenged information. (ECF No. 34-1, PageID.519).   Because Morrow did not submit anything beyond her own statements for Experian to consider in its analysis of the dispute, the Court finds Experian's reliance on the Data Furnishers in question reasonable.

Finally, §§ 1681o and 1681n do not establish independent causes of action. Given that Morrow has no surviving claims under the FCRA, the Court need not analyze whether Experian acted negligently or willfully.

**D.      The Court Will Deny Morrow's Motion for Sanctions.**

Morrow moved for sanctions[4] against Experian based on Experian's inclusion of Morrow's social security number on a public filing. (ECF No. 39, PageID.863–64).   Experian asked the Court to deny the motion because the inclusion was inadvertent, and Experian acted promptly to fix its mistake. (ECF No. 40, PageID.882–84).   The Court will deny Morrow's motion given as Experian's error does not warrant such relief. *See McGarity v. Birmingham Pub. Schs.*, No. 19-11316,

---

[4] The Court and the parties previously resolved Morrow's other requests in the same motion, so the only issue left to decide is whether to award sanctions. (ECF No. 41).

14

2020 WL 13617629, at *2 (E.D. Mich. Nov. 3, 2020) (finding sanctions unwarranted when defendant quickly corrected filing of plaintiff's personal information).

\* \* \*

For the reasons given, the Court **ORDERS** that the motion for summary judgment (ECF No. 34) is **GRANTED**.

The Court **FURTHER ORDERS** that Morrow's motion for sanctions against Experian and its counsel (ECF No. 39) is **DENIED**.

Dated: March 23, 2026

s/Robert J. White
Robert J. White
United States District Judge

15